IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60307
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus

DAVID EUGENE DAWSON,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court for the
        Northern District of Mississippi
                (2:94-CV-167-D)

_____

November 15, 1996
Before GARWOOD, JOLLY and DENNIS, Circuit Judges.[*]

PER CURIAM:

        David Eugene Dawson appeals the district court's denial of his

motion pursuant to 28 U.S.C. § 2255.  Dawson challenges the factual

basis supporting his guilty plea to aiding and abetting possession

with intent to distribute cocaine base.  He argues that counsel was

ineffective for allowing him to plead guilty, failing to appeal the

sufficiency of the evidence, and obtaining two trial continuances.

_____

        [*]Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

He also challenged "the unconstitutionality of the sentencing disparity between crack cocaine and powder cocaine." We find that the record provides ample factual basis to support Dawson's guilty plea. *United States v. Pedroza*, 78 F.3d 179, 183 (5th Cir. 1996); *United States v. Bright*, 630 F.2d 804, 829 n.45 (5th Cir. 1980); *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Thus, counsel was not ineffective for advising Dawson to plead guilty or failing to appeal the sufficiency of the evidence. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). The record also reflects that at the plea hearing Dawson was correctly advised by the court of the statutory sentencing range, that the sentencing guidelines applied, and the guideline range could not be known until the PSR had been completed. Dawson's voluntary guilty plea waived his other allegations of ineffectiveness. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906 (1984). Even assuming his challenge to the disparity between crack and powder cocaine sentences is not barred by his withdrawal of appeal after having unsuccessfully raised that issue at sentencing, the claim is clearly without merit. *See, e.g., United States v. Flanagan*, 87 F.3d 121 (5th Cir. 1996); *United States v. Cherry*, 50 F.3d 338, 342-44 (5th Cir. 1995). We AFFIRM the district court's denial of Dawson's motion.

This Court has not yet determined whether a certificate of appealability ("COA") is required under the circumstances of this appeal. *See* 28 U.S.C. § 2253. To the extent that a COA is

required, we construe Dawson's notice of appeal as an application for a COA and DENY the motion.

AFFIRMED